195 So. 299

### GRISSOM v. STATE.

### 8 Div. 934.

Court of Appeals of Alabama.
March 26, 1940.

Arnold Teks and W. L. Chenault, both of Russellville, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of grand larceny, this appeal was taken.

The specific offense charged in the indictment against this appellant, defendant below, was that, he feloniously took and carried away from a storehouse, about thirty dollars in money, an exact description of which is unknown to the grand jury, the personal property of Clemmie DeVaney, Evie DeVaney, and Eva DeVaney, etc.

No objection, by demurrer or otherwise, was interposed to the indictment, and upon arraignment, the defendant interposed his plea of "not guilty."

The corpus delicti was fully proven by the undisputed testimony.

As to the commission of the offense by the defendant, the State offered the testimony of several. witnesses and in our opinion this evidence was ample to support the verdict of the jury and to sustain the judgment of conviction. The defendant testified in his own behalf, and from his own testimony it clearly appears he was in the office of the store where the money was stolen, and in the small office was located the safe wherein the money was kept. He denied taking the money, but one of the State's witnesses, a sister of the alleged injured parties, testified, among other things, that she saw him with his arm inside the safe, and that she asked him if he got anything out of the safe, "he appeared to be afraid and excited. He just shook his head, if he made any reply she did not hear it," and he hurriedly left the store, refused to stop although several women in the store, including the witness, begged and requested him to stop. That he went on out of the store rapidly and was later brought back. That upon his return to the store she showed him the cash drawer from the safe and asked him "if he could look me in the eye and tell me he did not get the money," and he said he couldn't dispute an honest woman's word, etc. There was much evidence, of like import, adduced upon the trial, and, as stated, was, in our opinion, ample to sustain the verdict of the jury and support the judgment of conviction.

The court properly refused the affirmative charge, as under the conflicting evidence a jury question was presented.

Charge 3 refused to defendant was fairly and substantially covered by the oral charge of the court, hence properly refused. This charge was also subject to other criticism which need not be discussed.

No error appears in any of the rulings of the court upon the admission of the evidence.

We are convinced, from this record, that appellant was accorded a fair and impartial trial, and as no error appears, it is ordered that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

SIMPSON, J., not sitting.